**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>                                    Plaintiff,<br><br>        vs.<br><br><br>ELON MUSK, TESLA CO., SPACE X<br>INC., et al.,<br><br>                                    Defendants. | Case No.:  23-CV-1799 JLS (AHG)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Wayne Elijah Jones's Motion to Proceed *In Forma Pauperis* ("Mot.," ECF No. 3).  On September 22, 2023, Plaintiff, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1.  On September 29, the Court dismissed the action because Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing.  *See* ECF No. 2.  The Court notified Plaintiff that to have his case reopened, he must satisfy the filing fee requirement by paying the fee or submitting a properly supported motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a).  *Id.* at 2.  On January 18, 2024, Plaintiff filed the instant Motion.  For the reasons that follow, the Court **DENIES** the Motion.

**LEGAL STANDARD**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP when:

> [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim,'" *King*, 398 F.3d at 1116 n.1 (alterations in original), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal

23-CV-1799 JLS (AHG)

'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *King*, 398 F.3d at 1120.

## DISCUSSION

### I.      Prior "Strikes"

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Based on a review of its own dockets, the Court finds that Plaintiff, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #BU-7712, while incarcerated, has had at least four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Jones v. Peng, et al.,* No. 21-cv-1912-MMA-BLM (S.D. Cal. May 12, 2022) (Order Granting Motion to Proceed IFP, Dismissing Complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (ECF No. 11)) (May 12, 2022 Order dismissing action (ECF No. 12)) (strike one);

(2) *Jones v. Peng, et al.*, No. 22-55543 (9th Cir. Nov. 17, 2022) (Order Revoking IFP and Dismissing Appeal as Frivolous (Dkt No. 24)) (strike two);

(3) *Jones v. Cal. Gov't Claims Program, et al.*, No. 23-cv-1256-WQH-DDL (S.D. Cal. Aug. 21, 2023) (Order Dismissing Case for failure to state a claim pursuant to 28 U.S.C. §1915A (ECF No. 7)) (strike three);

///

1   (4) *Jones v. Wasco State Prison*, No. 23-cv-0543-JLT-BAM (E.D. Cal.

2   Sept. 15, 2023) (Findings and Recommendation ("F&R") to Dismiss Civil Action for

3   failure to state a claim (ECF No. 22)); (Order Adopting F&R and Dismissing Action (ECF

4   No. 23)) (strike four).

5       Plaintiff has thus accumulated at least four "strikes" as defined by § 1915(g).

6   **II.     Imminent Danger of Serious Physical Injury**

7       Once a prisoner has accumulated three strikes, § 1915(g) prohibits his pursuit of any

8   subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of

9   serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52. The

10  Court has reviewed Plaintiff's Complaint and concludes it contains no "plausible

11  allegations" to suggest he faced "'imminent danger of serious physical injury' at the time

12  of filing." *Id.* at 1055 (quoting 28 U.S.C. § 1915(g)).

13      In sum, Plaintiff is not entitled to the privilege of proceeding IFP because he (1) has,

14  while incarcerated, accumulated at least three "strikes" as defined by § 1915(g); and

15  (2) fails to make a "plausible allegation" that he faced imminent danger of serious physical

16  injury at the time he filed his Complaint. *See id.*; *see also Rodriguez*, 169 F.3d at 1180

17  (finding 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it

18  only precludes prisoners with a history of abusing the legal system from continuing to

19  abuse it while enjoying IFP status"); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.

20  1984) ("[C]ourt permission to proceed [IFP] is itself a matter of privilege and not

21  right . . . .").

22                          **CONCLUSION**

23      In light of the foregoing, the Court:

24      1.      **DENIES** the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) (ECF

25  No. 3);

26      2.      **DISMISSES** this civil action *sua sponte* without prejudice for failing to

27  prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

28  / / /

1    3.    **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith

2  pursuant to 28 U.S.C. §1915(a)(3); and

3    4.    **DIRECTS** the Clerk of the Court to close the file.

4    **IT IS SO ORDERED.**

5  Dated:  February 1, 2024

6  Hon. Janis L. Sammartino
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23-CV-1799 JLS (AHG)